UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| AMERICAN BOAT COMPANY, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 1:01CV00021 RWS |
| ) | |
| UNKNOWN SUNKEN BARGE, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before me on the United States' Amended Motion in Limine Regarding Johnette Hassell [#119].

**Background**

The seminal fact issue in this case is whether an email notification containing my order denying Plaintiffs' motion to reconsider my order granting summary judgment was received by Plaintiffs' local counsel. This fact issue required disclosure in discovery of the contents of Plaintiffs' counsel's computer hard drive. Permitting the defendant, in this case, the United States of America represented by the United States Department of Justice, to search Plaintiffs' counsel's computer presented a difficult problem: how to permit the Justice Department to review the content of an attorney's hard drive while protecting attorney work product and attorney-client privileged materials. The parties worked diligently with me to craft an appropriate protective order.

The protective order limited who could have access to Plaintiffs' counsel's computer drive. It was agreed that attorneys for the parties would not have access to the computer hard drive. Only the parties' experts were permitted to examine the contents of the computer hard

drive. And the experts could only review the hard drive when experts for *both* parties were present. The review took place in an office in the Cape Girardeau office of the United States Attorney for the Eastern District of Missouri. The hard drive was otherwise held by the District Court Clerk's Office.

On April 17, 2006, Plaintiffs' expert Dr. Hassell issued a Declaration indicating that she had read the Protective Order and agreed to abide by all provisions set forth in the Protective Order. The Declaration also expressed Ms. Hassell's understanding that she could be held in contempt of Court if she violated any provisions of the Protective Order.

In August of 2006, Mr. Trey Blalock, the United States' computer forensics expert, imaged the hard-drive for the computer used by Heather Greable. He examined the images of the hard-drive using forensic software. All of his review was conducted in the presence of Dr. Hassell. After Mr. Blalock completed his work, the hard drive images were deposited with the Clerk's Office. Mr. Blalock retained screen shots which had been approved by Dr. Hassell, but did not retain any copies of the hard-drive images. Mr. Blalock has not had any subsequent opportunity to examine the hard-drive images.

In November of 2006, the parties' experts produced their reports. In her report, Dr. Hassell stated that she had observed Mr. Blalock's examinations of Plaintiffs' counsel's hard drive and that he had followed sound forensic procedures during his examination. Dr. Hassell also stated that she had asked Mr. Blalock whether it was true that he not had found any evidence that the email in question was received on Plaintiffs' counsel's computer and Mr. Blalock agreed that the statement was his conclusion in the matter.

The United States deposed Dr. Hassell on July 18, 2007. At her deposition, Dr. Hassell offerred a variety of expert opinions, based on documents she had reviewed and examinations of

an image of the hard drive. The hard drive examinations occurred without Mr. Blalock present, without giving him notice of the opportunity to be present, or without attorneys' permission to conduct examinations outside of his presence.

I allowed Dr. Hassell to testify at the evidentiary hearing, subject to the objections by the United States. Regarding the issues at stake in this hearing, Dr. Hassell did not offer a definitive opinion on whether the e-mail reached the law office. Instead, she described various problems that generally can affect the transmission of an e-mail, but admitted that she did not know what happened to the e-mail at issue in this litigation and that she did not know whether some of the "common causes" for e-mail failures had anything to do with the claimed non-receipt of the Notice of Electronic Filing for Document 60.

## Analysis

The Protective Order signed by this Court was carefully designed to ensure that the work-product and attorney-client materials of Plaintiffs' counsel's hard drive remained protected and yet permit the Plaintiffs and the United States to have equal access and an equal opportunity to examine the contents of the hard drive. The Protective Order, which was signed by both expert witnesses, is unambiguous regarding the procedures governing examinations of computer hard drives. It specifically provides that Plaintiffs' experts will not conduct forensic examinations without the United States' expert present, and that forensic examinations conducted by Plaintiffs' experts will be conducted at Cape Girardeau at a time mutually convenient to both experts.

Dr. Hassell has violated the Protective Order by conducting independent examinations of a hard-drive image without giving the United States' forensic expert an opportunity to attend those examinations. Counsel for Plaintiffs admitted at the evidentiary hearing that Dr. Hassell

3

committed a "technical" violation of the Protective Order, but stated that the responsibility for the *ex parte* inspections should also rest, in part, at the feet of Plaintiffs' counsel as he failed to discuss the revised Protective Order with Dr. Hassell.

The District Court is vested with broad powers to enforce its own lawful orders whether in a Fed. R. Civ. P. Rule 37 context or under its inherent powers. Link v. Wabash Railroad Co., 370 U.S. 626, 629-630 (1962); National Hockey League, et al v. Metropolitan Hockey Club, Inc., et al., 427 U.S. 639, 643 (1976). I find that because Dr. Hassell violated the Protective Order, I shall not consider any opinion based on her review of the computer hard drive conducted by her in violation of the protective order. As a result, I shall consider her testimony only as to those matters within her November 2006 expert report.

Accordingly,

**IT IS HEREBY ORDERED** that the United States' Motion in Limine [#119] is **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of April, 2008.