UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| AMERICAN BOAT COMPANY, INC., et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> UNKNOWN SUNKEN BARGE, et al., ) <br> ) <br> Defendants. ) | Case No. 1:01CV00021 RWS |

**MEMORANDUM AND ORDER**

This matter is before me for a ruling after an evidentiary hearing.

On November 5, 2003, I denied Plaintiffs' Motion for Reconsideration of my Order granting summary judgment for the United States on Plaintiffs' complaint. Plaintiffs had 60 days from the date of my Order to file a notice of appeal. The November 5, 2003 Order was sent to the parties through the Court's Case Management/Electronic Case Filing ("CM/ECF") system and accurately entered onto the case docket.

Plaintiffs allege that their local counsel did not receive the electronic notification, which resulted in their failure to file a timely notice of appeal. I denied Plaintiff's Motion to Reopen the Time to File a Notice of Appeal, and Plaintiffs timely appealed that Order. The United States Court of Appeal for the Eighth Circuit remanded the case for an evidentiary hearing. The parties engaged in discovery and an evidentiary hearing was held on November 20, 2007. The issue was fully briefed by parties on December 21, 2007.

**I.    BACKGROUND**

**A.    The Parties and Their Counsel**

On February 22, 2001, American Boat Company, Inc., Underwriters Insurance Company, and Navigators Insurance Company filed suit against the United States, and "unknown sunken barge," the "unknown owner of the unknown sunken barge," and the "unknown tower of unknown sunken barge." Lead counsel for Plaintiffs were and are Frank J. Dantone, Joel Henderson, and Edward Lamar. These attorneys are licensed to practice in Mississippi and practice with the law firm, Henderson & Dantone, P.A. They were admitted to practice *pro hac vice* in this Court for this action. Local counsel for Plaintiffs was and still is Donald Dickerson. At all relevant times here, he was a member of the law firm, Dickerson, Hill & Lange, LLC in Cape Girardeau, Missouri.

Lead counsel for the United States were and still are Michelle T. Delemarre and Rodney Patton of the Department of Justice, Civil Division, Torts Branch, Aviation and Admiralty Section. Local counsel for the United States was and still is Assistant United States Attorney ("AUSA") Joseph Landolt in St. Louis, Missouri.

**B.    The Eastern District of Missouri's CM/ECF System and CM/ECF Registration by Counsel for the Parties**

During September and October of 2003, the United States District Court for the Eastern District of Missouri was preparing to introduce a CM/ECF system that would provide electronic notice, instead of the traditional paper notification, of Court orders and submissions to the Court. Only those attorneys who registered to receive notice via electronic means would receive such an electronic notice in a particular case. In order to register for E-Filing, attorneys were required to certify that they have an existing PACER account, and that they are familiar with the rules

governing electronic filing in the Eastern District of Missouri. By registering with the Court's CM/ECF system, counsel consented to electronic service by the Court of "all documents, including orders and judgments." As set forth in the Court's Administrative Procedures for CM/ECF, the System's email of a "Notice of Electronic Filing" will constitute service pursuant to Fed. R. Civ. P. 5.

In advance of the CM/ECF system going into effect, two of the counsel in this case registered to receive electronic notices in the U.S. District Court for the Eastern District of Missouri. On September 23, 2003, AUSA Joseph Landolt registered for electronic filing. When he registered for electronic filing, AUSA Landolt provided the following primary email address: Joseph.Landolt@usdoj.gov. This is his correct email address. On September 26, 2003, Donald Dickerson registered for electronic filing. When he registered to receive electronic notices, Donald Dickerson provided his email address and that of his secretary, Heather Greable:

> Primary: ddickerson@clas.net
> Secondary: hgreable@clas.net

These email addresses are correct.

On October 14, 2003, the U.S. District Court for the Eastern District of Missouri activated, or went "live" with its CM/ECF system.

C. **United States' Motion for Summary Judgment**

Approximately six months before the Eastern District of Missouri's CM/ECF system went live the United States filed a Motion for Summary Judgment in this case. The Motion was filed on April 25, 2003. In its Motion for Summary Judgment, the United States argued that it had not waived sovereign immunity for the claims that were being made by Plaintiffs and that Plaintiffs' complaint should be dismissed. On September 2, 2003, I issued a Memorandum and

3

Order granting the United States Motion and entering judgment against Plaintiffs and for the United States.

On September 16, 2003, Plaintiffs filed a Motion to Amend the Judgment, or in the Alternative, for Reconsideration. On October 3, 2003, the United States filed an opposition to Plaintiffs' Motion. On October 4, 2003, Plaintiffs filed their Reply brief. The Court transmitted Notices of Electronic Filing of the Reply to Donald Dickerson and AUSA Landolt. The Display Receipt for the Reply brief indicates that Notices of Electronic Filing were transmitted to the following email addresses: ddickerson@clas.net, hgreable@clas.net, and joseph.landolt@usdoj.gov. Neither attorney claims that he did not receive a Notice of Electronic Filing for the Reply brief. Mr Dickerson's secretary, Ms. Greable, does not claim that she did not receive a Notice of Electronic Filing for the Reply brief.

**D.     Transmission of Document 60**

On November 5, 2003, I entered my Memorandum and Order denying Plaintiffs' Motion for Reconsideration. The November 5, 2003 Order is Document 60 on the Court's docket sheet. The Memorandum and Order was entered onto the docket sheet on November 5, 2003, at 4:29 p.m. CST, and immediately became available to parties via PACER. The Display Receipt for Document 60 indicates that the Memorandum and Order was also electronically transmitted as follows:

>    To: MOED_ECF_Notifications@moed.uscourts.gov
>    Message-Id:<454040@moed.uscourts.gov>
>
>    Bcc: MOED_RWS_Notifications@moed.uscourts.gov, ddickerson@clas.net, hgreable@clas.net, joseph.landolt@usdoj.gov, rebecca.burke@usdoj.gov
>
>    Subject: Activity in Case 1:01-cv-00021-RWS American Boat, et al v. Barge, et al "Order on Motion to Amend/Correct"

The Display Receipt also states that Notice will be electronically mailed by the Court to:

| | |
|---|---|
| Donald L. Dickerson | ddickerson@clas.net |
| | hgreable@clas.net |
| Joseph M. Landolt | joseph.landolt@usdoj.gov |
| | rebecca.burke@usdoj.gov |

These are the same email addresses that the attorneys registered with the Court. The email addresses were and are correct and valid.

The Display Receipt for Document 60 states that Notice will not be electronically mailed to Frank J. Dantone, Michelle T. Delemarre, Joel J. Henderson and Edward D. Lamar. Electronic notice was not sent to these attorneys because none of them had registered for electronic filing in the American Boat case on or before 4:29 p.m. CST on November 5, 2003. Plaintiffs claim that these attorneys did not receive Document 60 via facsimile or U.S. Mail.

The Court did not receive any returned messages or notices of message failures, known as "bounce-backs," from the Notices of Electronic Filing that were sent to Donald Dickerson and his secretary, Heather Greable. A bounce-back is an electronic notification that informs the Court that one of its previous electronic notices has not been successfully sent or that it has not been received by the putative recipient's Internet Service Provider ("ISP). The Court also did not receive any bounce-backs from the Notices of Electronic Filing that were sent to AUSA Joseph Landolt and his secretary, Rebecca Burke. The parties stipulated that "the absence of a bounce-back means that the Notice of Electronic Filing probably reached the Internet server for the ISP for Dickerson, Hill & Lange, LLC; but does not reflect that the Notice of Electronic Filing reached the Dickerson computer." Once the Notice of Electronic Filing reached the ISP, it became available to Ms. Greable and Mr. Dickerson.

There is no dispute that local counsel for the United States received the Court's Notice of Electronic Filing for Document 60. The parties stipulated that AUSA Landolt received the Notice of Electronic Filing for Document 60, and the evidence shows that AUSA Landolt printed

his copy of the Notice of Electronic Filing on November 6, 2003, at 7:57 a.m. Similarly, the parties stipulated that Rebecca Burke, AUSA Landolt's secretary, also received the Court's Notice of Electronic Filing for Document 60, and the evidence shows that she printed her copy of the Notice of Electronic Filing on November 6, 2003, at 8:03 a.m.

Donald Dickerson and Heather Greable claim that they did not receive electronic notification of the Court's November 5, 2003 order in November of 2003.

E.     **Dickerson, Hill & Lange's Computer System**

In November of 2003, Clas.net was the Internet Service Provider for the law firm of Dickerson, Hill and Lange, LLC. There is no evidence that Clas.net experienced any outages or problems in November of 2003, and the law firm of Dickerson, Hill and Lange, LLC did not experience any loss of Internet service or experience any Internet outages in November of 2003.

In November of 2003, Donald Dickerson did not personally use any computers in his law practice and he did not check his own emails. Instead, Mr. Dickerson relied on Heather Greable to check the emails and give him printed copies. If Ms. Greable did not print an email and give it to Mr. Dickerson, he would not know about the email. Mr. Dickerson was out of the office, on vacation, when I issued my order denying the motion for reconsideration. He does not believe that he knew, in November of 2003, how to check emails from computers other than those in his office. Heather Greable, Mr. Dickerson's secretary, checked her emails through Outlook Express. She accessed the Clas.net server to check Mr. Dickerson's emails. She understood that the emails sent to the Clas.net account could be checked from any computer, and she knew how to check emails from remote locations.

In November of 2003, Ms. Greable's computer was configured so that Outlook Express would automatically retrieve her emails from Clas.net. Sometime on or after November 5, 2003,

she reconfigured the settings so that Mr. Dickerson's email could be retrieved from Clas.net to Outlook Express. Ms. Greable changed the settings herself, following step-by-step instructions on the Clas.net website. It was Ms. Greable's understanding that Clas.net automatically deleted emails 30 days after the emails were received. It was also her understanding that the Dickerson law firm was *not* able to actually save documents from the server onto their computers. Instead, in order to preserve or save documents she needed, she was required to print the documents.

Other electronic notices from the U.S. District Court for the Eastern District of Missouri were received by the Dickerson, Hill & Lange, LLC law firm during November of 2003. Evidence submitted to the Court by plaintiffs shows that the law firm received at least 13 electronic notices from the Eastern District of Missouri in other cases from October 31, 2003 to December 1, 2003. These notices included two received by Ms. Greable the day before Document 60 was sent by the Court, and another two that were sent on November 7, 2003.

With the exception of Document 60, Donald Dickerson and Heather Greable received all other electronic notices sent by the Eastern District of Missouri CM/ECF system in <u>American Boat Company v. United States</u>, Civ. No. 1:01CV00021RWS. From October 15, 2003 to November 16, 2007, the docket reflects 67 entries, including orders, notices, receipts, briefs and motions filed by the parties. Each was accompanied by an Electronic Notice to the parties' counsel who had registered to receive them.

**F.     PACER**

PACER is the electronic method by which counsel who have subscribed to the service can access each federal court's electronic docket via the internet. Ms. Greable was aware of PACER in November of 2003, but did not have access to PACER at that time. As part of her job duties at the law firm, she was not required to check or monitor PACER for pending cases.

7

Mr. Dickerson was aware that the PACER system allowed attorneys to find out whether any orders had been entered in cases he was handling. From November 5, 2003 until March of 2004, Mr. Dickerson did not check PACER on the American Boat case. The firm did not have a policy or practice regarding checking PACER, and Mr. Dickerson did not attempt to follow the American Boat case on PACER.

### G. **Plaintiffs' Motion to Reopen the Time to File an Appeal**

Plaintiffs' deadline for appealing my denial of their Motion for Reconsideration was January 5, 2004. Plaintiffs did not file a notice of appeal on or before January 5, 2004. Between November 5, 2003 and March 4, 2004, none of Plaintiffs' lead counsel or local counsel checked the docket for the American Boat case. On March 4, 2004, more than five months after filing the Motion to Reconsider, Edward Lamar used PACER to check the Court's electronic docket for the American Boat case and learned of my November 5, 2003 Order denying Plaintiffs' Motion for Reconsideration.

On March 9, 2004, Plaintiffs filed a Motion to Reopen the Time to File an Appeal. The United States opposed Plaintiffs' Motion. On July 1, 2004, I denied Plaintiffs' Motion. I ruled that the Plaintiffs had not overcome the presumption that the official docket accurately reflected the delivery of the November 5, 2003 Notice of Electronic Filing, and that Plaintiffs also failed to demonstrate excusable neglect in failing to file a timely appeal.

On July 14, 2004, Plaintiffs filed a Motion for Reconsideration of Their Motion to Reopen the Time to File an Appeal. The United States opposed the Motion and I denied the Motion on August 12, 2004. In denying the Motion, I found that the "new evidence" presented by Plaintiffs had been available to Plaintiffs and could have been presented with their original

Motion to Reconsider. I also held that there was nothing on the record to suggest that Plaintiffs had established an exceptional circumstance as required by Fed. R. Civ. P. 60(b).

On August 25, 2004, Plaintiffs filed another motion, asking me to reconsider my denial of the previous Motion for Reconsideration. This motion was based on the asserted failure of Edward Lamar to receive a Notice of Electronic Filing from my August 12, 2004 Order. After the issues were fully briefed, I denied the motion. Plaintiffs filed a Notice of Appeal. On August 16, 2005, the Eighth Circuit agreed that a presumption of delivery should apply to emails but found that "there is enough evidence to warrant an evidentiary hearing on the rebuttal of the presumption of delivery and receipt" and remanded the action with instructions for me to conduct an evidentiary hearing "to determine whether American Boat should be permitted to reopen the time to file an appeal." American Boat Company L.L.C., et al. v. Unknown Sunken Barge, 418 F. 3d 910 (8th Cir. 2005).

**E.    Post-Remand Discovery**

Following the Opinion of the Eighth Circuit, I met with the parties. It was agreed that the parties should conduct discovery on the issue identified by the Eighth Circuit for an evidentiary hearing. As part of its discovery, the United States sought to examine all computers used by Donald Dickerson and Heather Greable to receive electronic notices from the Eastern District of Missouri in November 2003. Issues surrounding discovery of Plaintiffs' local counsel's computer were addressed and an appropriate protective order was drafted by the parties.

On February 24, 2006, I issued a Protective Order[1] governing examination of these computers. Pursuant to the Protective Order, Trey Blalock, the United States' expert, imaged the

---

[1] See discussion in my Order granting the United States' Motion in Limine [#119] filed contemporaneously herewith.

9

hard drive of Plaintiffs' counsel's computer and examined an image of the hard drive in order to determine whether the electronic notification for Document 60 had arrived on the computer and, if not, why not. Blalock conducted his inspection in August and September of 2006 in the presence of Johnette Hassell, Ph.D., Plaintiffs' expert. Mr. Blalock found no evidence that the Notice of Electronic Filing was on the hard drive of Plaintiffs' counsel's computer. Dr. Hassell later conducted *ex parte* inspections of a copy of the hard drive, in violation of the Protective Order.[2]

**F.      Testimony of Trey Blalock**

At the hearing on November 20, 2007, Trey Blalock testified as an expert in the field of computer forensics. He testified that he was asked by the United States to image the hard drive of Plaintiffs' counsel's computer and then examine the image of the hard drive in order to determine whether the electronic information for Document 60 had arrived on the computer and, if not, why not.

Mr. Blalock did not find evidence that the Notice of Electronic Filing was on Plaintiffs' counsel's computer. Mr. Blalock then examined Plaintiffs' counsel's computer in order to determine if there was any indication why the Notice of Electronic Filing was not on the hard drive. He focused his search of November 5 and 6, 2003, in order to determine what had been done with the computer during those days.

At the evidentiary hearing, Defendants put on a "screen shot" of Plaintiffs' counsel's computer. The "screen shot" shows the activities on the computer from the time the Notice of Electronic Filing of Document 60 was sent to the beginning of the next day. Based on his examination of the "screen shot," Mr. Blalock opined that Ms. Greable had POP'd the email. In

---

[2]See *supra*, n.1.

other words, in his opinion, Ms. Greable accessed the email from a remote computer using the internet Post Office Protocol, causing the email to be removed from the ISP server. Mr. Blalock opined that when Ms. Greable returned to her original computer, the email was no longer available on the ISP. Ms. Greable testified that she used other computers in the office, including one at the front desk, and she went between the two computers frequently. If Ms. Greable initially checked email on the computer at the front desk, the emails that had been checked would *not* show up on the computer at her desk.

Mr. Blalock also testified that he believed that the Notice of Electronic Filing was successfully sent out by the U.S. Court system to all four parties. His opinion is based upon the fact that: (1) the email addresses were correct for all parties; (2) there were no failure messages; (3) there were no bounce-backs;(4) the message was automatically generated by Sendmail, which is an extremely robust software running on a very well-administered system; and (5) two of the four recipients confirmed receipt of th electronic notification. Mr. Blalock opined that he could not conceive of any "glitch" that would have resulted in the Notice of Electronic Filing not being transmitted to all four recipients. He testified that it was *more than 99% likely* that the electronic notification reached the server for Clas.net because Clas.net was running on Sendmail, which sends an acknowledgment to the U.S. Court system verifying receipt of the message. If there had been problems with transmission of the email, it would have been documented by a failure message or a bounce-back generated by the ISP provider. In this case, there is no evidence of either of these occurring. Additionally, there were no outages in either Clas.net or the Court's email system on that date.

The Simple Mail Transfer Protocol ("SMTP") is primarily used for transferring email messages on the internet, and it is the protocol which would have been used to deliver the

electronic notification from the Court to Clas.net and the Department of Justice. Mr. Blalock opined that SMTP is a well designed protocol that has been tested by billions and billions of messages every year.

Mr. Blalock testified that once the Notice of Electronic Filing reached Clas.net, it was available to the end recipient, either Mr. Dickerson or Ms. Greable, much like a letter in a post-office box is available to the addressee. In this case, Mr. Dickerson and Ms. Greable, the people who had the user names and passwords for the accounts in question, would have had access to the emails. Mr. Dickerson and Ms. Greable simply had to request the emails in question.

### G. Testimony of Johnette Hassell, Ph.D.

At the hearing on November 20, 2007, Johnette Hassell, Ph.D., testified as an expert in the field of e-discovery. Dr. Hassell, an expert for the plaintiffs, testified that it was "*more likely than not*" that the Notice of Electronic Notification reached the Clas.net server. Dr. Hassell also concluded based on her examination that the Notice of Electronic Notification was not on Plaintiffs' counsel's computer hard drive and that there was no evidence that it had ever been on the hard drive.

### H. Testimony of Jeff Johnson

Jeff Johnson is a systems administrator for the United States District Court for the Eastern District of Missouri's CM/ECF system. He participated in the set-up of the CM/ECF system, including the installation of hardware and software. He was also involved with transitioning to the "live" CM/ECF system. The CM/ECF system uses Sendmail to send out Notices of Electronic Filings. During the first two months when the CM/ECF system went live, Mr. Johnson testified that he was not aware of any incidents where Sendmail failed to send out Notices of Electronic Filing. Similarly, during the past four years that the CM/ECF system has

been running, Mr. Johnson is not aware of any instances in which Sendmail failed to send a notice of electronic filing. Mr. Johnson testified that as a system administrator, had such problems occurred, they would have been brought to his attention.

Mr. Johnson testified that during the first few months when the CM/ECF system went live, the Clerk's Office received phone calls involving problems with transmissions from the Court. These problems included bounce-backs where an attorney had entered an email address incorrectly and sometimes there were Spam filtering problems. Mr. Johnson testified that in each instance the errors were on the user's end, not results of an error at the Clerk's Office. Mr. Johnson testified by way of example that he recalled a situation in which a secretary's email client would pull the email off of the server and copy it onto her computer, which would result in the email being deleted from the server. If the lawyer looked for the email after the secretary had pulled it, he would not find it.

The Display Receipt for Document 60 shows that Michelle Schaefer, in the Cape Girardeau Clerk's Office, went into the CM/ECF system to docket the order on November 5, 2003. The order was docketed at 4:29 p.m. As of 4:29 p.m. the Order was available on PACER. When Notices of Electronic Filing are to be transmitted, the Court's system pulls the email addresses for the parties that are registered to receive electronic notifications, and then it generates the actual email that it will send out using those addresses. This process is automated.

Based on his years of experience with the Court's CM/ECF system, and in the absence of any bounce-back messages regarding the Notice of Electronic Filing sent to Mr. Dickerson and Ms. Greable regarding Document 60, Mr. Johnson testified that *he has 100% confidence* that the messages were received by the ISP for the Dickerson law firm.

## II. LEGAL STANDARD

In cases involving the United States, a notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered. Fed. R. App. P. 4(a)(1)(B). The timely filing of a notice of appeal is a jurisdictional prerequisite. Bowles v. Russell, 127 S.Ct. 2360 (2007). Although Plaintiffs wish to appeal my November 5, 2003 Order denying Plaintiffs' Motion for Reconsideration, Plaintiffs did not file a timely notice of appeal. Plaintiffs seek additional time to file a notice of appeal based on assertions that they did not receive timely notice of my Order.

Plaintiffs' Motion to Reopen the Time to File a Notice of Appeal is governed by Fed. R. App. P. 4(a)(6). This rule permits the court to reopen the time to file an appeal for a period of 14 days if:

(A) The motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;

(B) The Court finds that the nonmoving party was entitled to notice of the entry of judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and

(C) The Court finds that no party would be prejudiced were the motion to be granted.

The Court has discretion to reopen the time to file an appeal only if all three conditions set forth in Rule 4(a)(6) are satisfied. Zimmer St. Louis, Inc. v. Zimmer Co., 32 F.3d 357, 361 (8th Cir. 1994). However, even if all three conditions are satisfied, the Court is not required to reopen the time to file an appeal. Kuhn v. Sulzer Orthopedics, Inc., 498 F.3d 365, 369 (6th Cir. 2007); Arai v. Am. Bryce Ranches, Inc., 316 F.3d 1066,1069 (9th Cir. 2003); In re Jones, 970 F.2d 36, 39 (5th Cir. 1992).

## III.    ANALYSIS

I find that Plaintiffs have satisfied the first requirement of Fed. R. App. P. 4(a)(6) because they moved to reopen the time to file an appeal within 180 days of my denial of their Motion for Reconsideration. Furthermore, the United States has not argued that it would be prejudiced by allowing Plaintiffs additional time to file a notice of appeal. As a result, I find that there is no prejudice. Plaintiffs have satisfied the third requirement of Fed. R. App. P. 4(a)(6). The remaining issue before me is whether Plaintiffs have rebutted "the presumption of delivery and receipt" and should therefore be "permitted to reopen the time to file an appeal." American Boat Company L.L.C., et al., 418 F. 3d 910.

This Court went "live" with its CM/ECF system on October 14, 2003. As of that date, local counsel for Plaintiffs and the United States had registered to receive electronic notifications. The first electronic notifications were sent in this case on October 17, 2003. The Display Receipt for Document 59 shows that the Court sent Notices of Electronic Filing to the following email addresses: ddickerson@clas.net, hgreable@clas.net and joseph.landolt@usdoj.gov. There has been no allegation that the electronic notifications for Document 59 were not received by any party. Plaintiffs have stipulated that with the exception of Document 60 they have received all other electronic notifications in this case.

Nineteen days after the Notice of Electronic Filing for Document 59 was sent to the parties, I denied Plaintiffs' Motion for Reconsideration. The Court's records show that Document 60 "will be" electronically transmitted to the following email addresses: ddickerson@clas.net, hgreable@clas.net, joseph.landolt@usdoj.gov and rebecca.burke@usdoj.gov. There is no dispute that Document 60 actually was transmitted to the parties on November 5, 2003. There is no dispute that the Court sent the Notice of Electronic

15

Filing for Document 60 to the correct email addresses for Mr. Dickerson and Ms. Greable. The email addresses used for Mr. Dickerson and Ms. Greable in transmitting Document 60 were the same email addresses used to successfully transmit the Notice of Electronic Filing for Document 59 to Mr. Dickerson and Ms. Greable. There has been no change to those email addresses in the four years since the Notice of Electronic Filing for Document 60 was transmitted, and there has been no allegation that subsequent Notices of Electronic Filing have not been received. It also appears that at least 13 electronic notifications from this Court were successfully received by Ms. Greable during November of 2003.

Plaintiffs' expert, Dr. Hassell, testified that it was "more likely than not" that the Notice of Electronic Filing for Document 60 reached Clas.net. "In the absence of reliable evidence to the contrary, we presume the accuracy of the district court clerk's docket entries." Arnold v. Wood, 238 F.3d 992, 995 (8th Cir. 2001) (citing MacNeil v. State Realty Co. of Boston, Inc., 229 F.2d 358, 359 (1st Cir. 1956)); Widtfeldt v. United States, 132 Fed. Appx. 77 (8th Cir. 2005). There is no basis for me to find that the Court's records in this instance are not accurate. Plaintiffs' own expert testified that it was "more likely than not" that the Notice of Electronic Filing for Document 60 reached Clas.net. Once the Notice reached Plaintiffs' counsel's internet service provider, Clas.net, it was available to counsel to download and view.

A finder of fact is permitted to infer that information sent by a reliable means, such as the postal service or a telegram, was received. Kennell v. Gates, 215 F.3d 825, 829 (8th Cir. 2000). This presumption applies to emails, "provided that they are accepted as generally reliable and that *the particular message was properly dispatched*." American Boat Co., Inc. v. United States, 418 F.3d 910, 914 (8th Cir. 2005) (emphasis added).

I find that the Court's CM/ECF system is a reliable means of transmitting electronic messages. Notices of Electronic Filing are sent automatically to all individuals to receive such notifications in particular cases. Document 60 was sent to proper email addresses for Donald Dickerson, Heather Greable, AUSA Joseph Landolt and Rebecca Burke. There were no bounce-back messages or message failures indicating that transmission of Document 60 to any of these four recipients had not been successful. AUSA Joseph Landolt and Rebecca Burke both received electronic copies of Document 60, as transmitted to them on November 5, 2003. The Dickerson law firm has received every other electronic notification that this Court has sent to ddickerson@clas.net and hgreable@clas.net in the American Boat case. The parties stipulated that the electronic notification "probably" reached the ISP for the Dickerson law firm and Trey Blalock, the United States' expert, agrees that this is most likely. Plaintiffs' own expert, Dr. Johnette Hassell, testified that it is "more likely than not" that the electronic notification reached the ISP for the Dickerson firm. Accordingly, I find that the electronic notifications sent to ddickerson@clas.net and hgreable@clas.net were delivered to the ISP for the Dickerson law firm. Once the electronic notifications reached the ISP, they were available to local counsel for American Boat, in the same way that a letter that has reached a post office box becomes available to the owner of that box.

Donald Dickerson and Heather Greable have denied receipt of the electronic notifications for Document 60. It is Plaintiff's burden to overcome the presumption of receipt, and mere denial of receipt is not sufficient to rebut the presumption. Arnold, 238 F.3d at 995 (citing MacNeil, 229 F.2d at 359 (the affidavit of the appellant standing alone is not sufficient to outweigh the respect to be accorded to the district court's docket entries)). In addition to denying receipt of the Notice of Electronic Filing for Document 60, Plaintiffs have produced the hard

drive of a computer that was used to access emails sent to the ddickerson@clas.net and hgreable@clas.net email addresses. This computer hard drive was imaged and then examined by Trey Blalock, a computer forensics expert hired by the United States, and Johnette Hassell, Ph.D., a computer forensics expert hired by the Plaintiffs. Blalock and Hassell found no evidence that the Notice of Electronic Filing for Document 60 had been accessed or downloaded at that computer on or about November 5, 2003. However, this is not dispositive because proof that the transmitted item is not in the recipient's possession is not sufficient to rebut the presumption of receipt. Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001) (a statement that the document is not in the addressee's files or records is insufficient to defeat the presumption of receipt). Even if the Notice of Electronic Filing for Document 60 could not be found on a hard drive of one computer used by the law firm, this does not prove that the Notice of Electronic Filing did not reach the law firm's ISP, and it does not prove that the Notice of Electronic Filing was not available to Plaintiffs' local counsel on or about November 5, 2003, regardless of which computer may have been used to access emails at that time.

In the absence of any bounce-back messages indicating that delivery of the Notice of Electronic Filing had not been successful, I find that the Court successfully transmitted the Notice of Electronic Filing to ddickerson@clas.net and hgreable@clas.net and that the Notice of Electronic Filing was available to Plaintiffs on the Clas.net web site. See Government Relations, Inc. v. Howe, No. 05-1081, 2007 WL 201264, *5 (D. D.C., Jan. 24, 2007) (denying a motion to amend complaint *nunc pro tunc* because the attorney's denial of receipt of electronic was unsubstantiated and because Court's Operations Analyst examined Court's records and found that: (1) the attorney's email address had never changed since the beginning of the case and (2) there were no bounced emails for the pertinent electronic notifications).

Both Dr. Johnette Hassell, Plaintiffs' expert, and Trey Blalock, Defendants' expert, testified that the Notice of Electronic Filing for Document 60 most likely reached Clas.net, the ISP for the Dickerson law firm.

Plaintiff offers no explanation for what happened to the Notice after it reached Clas.net. I am therefore left with the explanation of Mr. Blalock, who testified that the most likely explanation was that Ms. Greable opened the email on a computer other than the one at her desk. The email was therefore deleted from Clas.net and when Ms. Greable returned to her own computer at her desk, she was unable to retrieve the email containing the Notice of Electronic Filing for Document 60.

As a result, I find that Plaintiffs have failed to satisfy the second requirement of Fed. R. App. P. 4(a)(6) because I find that they have failed to rebut the presumption of delivery and receipt of the Notice of Electronic Filing for Document 60.

Accordingly,

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Reopen the Time to File an Appeal [#61] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of April, 2008.